**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DESHON BRITT,

  Petitioner - Appellant,

v.

DAVE DAVEY, Acting Warden,

  Respondent - Appellee.

No. 13-56040

D.C. No. 2:12-cv-01160-SJO-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted September 2, 2015
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Deshon Britt (Britt) appeals the district court's denial of habeas relief under

28 U.S.C. § 2254(d)(1).

"Under *Jackson* [*v. Virginia*, 443 U.S. 307, 319 (1979)], evidence is

sufficient to support a conviction so long as after viewing the evidence in the light

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Boyer v. Chappell*, 793 F.3d 1092, 1101 (9th Cir. 2015) (citation and internal quotation marks omitted) (emphasis in the original). Because Britt filed his habeas petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we may grant relief only if the California Court of Appeal—which issued the last reasoned state-court decision in this case—applied *Jackson* in an "objectively unreasonable" fashion. *Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 2843 (2014) (citation omitted). When reviewing cases under *Jackson* and AEDPA, "there is a double dose of deference that can rarely be surmounted." *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011).

The California Court of Appeal's determination that sufficient evidence supported Britt's conviction for first-degree murder under an aiding and abetting theory was not "objectively unreasonable." *Long*, 736 F.3d at 896. A rational jury could have concluded that Britt shared the intent of co-defendant Milton Jones (Jones) to murder Aaron Patterson (Patterson), a member of the rival gang 8 Trey Gangster Crip, and that Britt knew Jones possessed a gun. First, there was testimony that Britt and Jones were members of the 99 Watts Mafia Crip gang who regularly spent time together at a liquor store in their gang's territory, including on

2

the day of the shooting.  *See People v. Godinez*, 2 Cal. App. 4th 492, 500 (1992) ("Godinez admitted having associated with the gang members for several years, and further admitted riding around in a van with the attackers for several hours before the assault, permitting an inference he was aware they possessed knives that night.").  Second, Britt exited the liquor store and initiated contact with Patterson by asking Patterson, "Where are you from?"  The question was a "confrontational" way of asking Patterson about his gang membership.  Patterson and Britt then stated their respective gang affiliations.  Rather than ending contact with Patterson after this exchange, Britt returned to the liquor store and re-emerged with Jones, who was armed.  Together, they confronted Patterson again.

Third, there is no indication that Britt was surprised or displeased when Jones pulled out a gun and aimed it at Patterson.  *See People v. Campbell*, 25 Cal. App. 4th 402, 409 (1994) (jury could reasonably conclude that defendant aided and abetted when, *inter alia*, there was no evidence that defendant was surprised by, or feared interfering with, the main perpetrator's conduct).  Rather, Britt stood near Jones as Jones fired, before fleeing the scene with Jones.  *See People v. Medina*, 209 P.3d 105, 113 (Cal. 2009) ("[F]actors suggesting aiding and abetting include[] presence at the scene, companionship, and conduct before and after the crime, including flight. . . .") (citation, alterations, and internal quotation marks omitted).

3

In telephone calls from jail, Britt did not profess his innocence. Nor did Britt express surprise that Jones had a gun or that Jones killed Patterson instead of only assaulting him. Rather, Britt expressed regret that he did not remove his clothing to avoid detection by the police.

A rational jury could conclude that Britt premeditated and deliberated when he walked away from Patterson, re-entered the liquor store, left with Jones, and confronted Patterson with a fellow armed gang member. Britt also had motive to kill because the reply of "8 Trey" to the question, "Where are you from?" was "disrespectful" to 99 Mafia gang members. Even if evidence presented at trial could yield another inference, we "must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts[.]" *Gonzalez v. City of Anaheim*, 747 F.3d 789, 795 (9th Cir.) (en banc), *cert. denied*, 135 S. Ct. 676 (2014) (citation omitted).

**AFFIRMED.**